## In re MUSKOGEE GAS & ELECTRIC CO.

Nos. 7713, 8392, 9202—Opinion Filed Feb. 12, 1918.

(171 Pac. 30.)

Appeal from State Board of Equalization.

The Muskogee Gas & Electric Company appeals from orders of the State Board of Equalization, assessing its property for taxation for certain years. Affirmed.

Paul Reiss, for appellant.

S. P. Freeling, Atty. Gen., and Jno. B. Harrison and Hunter L. Johnson, Asst. Attys. Gen., for appellees.

HARDY, J. From orders of the state board of equalization, assessing its property for taxation for the years 1915, 1916, and 1917, the Muskogee Gas & Electric Company appeals.

The estimate placed by appellant upon its property for the purposes of taxation for said years, respectively, is as follows: For 1915, $775,172; 1916, $790,000; 1917, $783,767. These values were arrived at by taking the naked cost of construction of appellant's plant and equipment disconnected with any value of the property as part of a going concern and deducting therefrom 5 per cent. of such cost per annum for depreciation. The property was assessed by the board of equalization of said years, respectively: For 1915, $1,000,000; 1916, $1,000,000; and for 1917, $1,200,000, which values appellant claims to be excessive, and urges that the board of equalization erred in the method by which it arrived at such values, and by taking into consideration the value of franchises owned by it, and that such assessment constitutes an unjust discrimination against appellant. The outstanding capital stock of the company for the three years named was $2,314,300, and the amount of its outstanding bonds was $1,380,000. The total value of its assets, including tangible property and franchises for the year 1915 as shown by reports made to the state auditor and board of equalizatio, was $3,774,963.76, and the gross revenue for that year amounted to $506,801.57. The net profits as shown by its reports for that year amounted to $48,577.78, which amount was arrived at by deducting from the gross revenue operating expenses, payment of interest on bonds and dividends on capital stock. The net income given in the report to the Corporation Commission was $212,678.84. For

the year 1916 the total assets are shown to be $3,797,574.69, and the gross revenue for the same year appears to have been $516,-833.38. The net income as shown by the report to the Corporation Commission for this year was $203,185.11. For the year 1917 the total assets were shown by reports to the auditor and board of equalization to be $3,980,-788.14, and the gross revenue for that period was $606,699.98 and the net income for the same year was $246,378.61.

In compliance with order No. 774 of the Corporation Commission, appellant, on April 3, 1914, filed a report with the Corporation Commission, giving in detail the values of all property owned by it from the time of its organization to the last-mentioned date, and this report was introduced before and considered by the board of equalization. From this report it appears that up to and including the month of April, 1914, appellant had paid out on account of construction the sum of $1,749,771.96, and that the value of its property, tangible and intangible, added to the payment made on account of construction or the acquisition of physical property, amounted to $3,617,305.41, which included the electric plant at Muskogee, electric plant at Ft. Gibson, a gas plant at Muskogee, and an ice plant at Muskogee. The appellant expended for improvements during 1915, $8,790,-17; 1916, $238,404.38; for 1917, $35,018.73. Adding annual improvements to the totals shown in the report of April 30, 1914, a value would be obtained of $3,626,095.58; for 1916, $3,864,499.92; for 1917, $3,886,525.43—which totals are less than the amounts returned in the annual reports to the Corporation Commission. The claim for depreciation cannot be allowed because there is no evidence thereof. Re Assessment Western Union Tel. Co., 35 Okla. 626, 130 Pac. 565; Re Assessment Oklahoma Gas & Elec. Co., 67 Okla. 301, 171 Pac. 26.

It affirmatively appears that depreciations have been cared for in addition to which, under the terms of a mortgage securing the bonds of the company, renewals, and repairs in plants and equipment have been currently kept up out of current operating expenses and a reserve for depreciation has been maintained as follows: For 1915, $40,000; 1916, $40,000; 1917, $70,000. While the net income for the three years is different yet in 1915 and 1916 depreciation was cared for out of operating expenses while in 1917 $30,000 was set aside for this purpose. Deducting this amount from the larger income in 1917, leaves the net income for the three years substantially the same, so that the value of appellant's property may be approx-

imately determined for the three years by capitalizing the net income, which was 1917, less the depreciation reserve, was $216,378.-61, which was sufficient to pay annual interest at 5 per cent. on the bonded debt and a 7 per cent. dividend on capital stock to the amount of $2,081,837,28, which is somewhat less than the amount of capital stock outstanding. Adding together the amount of bonds, to wit, $1,380,000, and the sum upon which the net income would pay a 7 per cent. dividend, the property would possess a total income-paying value of $3,494,837.28, which would be substantially the same for each of the three years, and is very largely in excess of the values fixed by the board of equalization.

Appellant seeks to eliminate its gas plant from consideration upon the claim that amounts paid by it for gas exceed the revenues from that source. The contract under which appellant obtains its gas is not in the record, and it does not appear what per cent. of its income is received from the gas and electric departments, respectively. The evidence does show what its net income is, and it is hardly to be presumed that the company would be operating its gas department at a loss. The questions of law involved in this case have been determined in Re Assessment of Oklahoma Gas & Electric Company, this date decided. Upon the authority of that case. the action of the board of equalization in each of the three cases here considered is affirmed.

All the Justices concur.